**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| DAVID WAYNE STREETS, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  5:25-cv-00764-XR |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| *Defendant* | | |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's

Report and Recommendation in this case. ECF No. 19. After careful consideration, the Report and

Recommendation is **ADOPTED**.

## BACKGROUND

Plaintiff filed an application for DIB on August 17, 2023. *See* Tr. at 15. He alleged a

disability onset date of September 15, 2017, and a last insured date of December 31, 2019. Tr. at

15, 17. At the date last insured, Plaintiff was 47 years old; he has a high school education and has

completed two years of college. Tr. at 30, 227. After the Commissioner denied his initial claim

and his request for reconsideration, Plaintiff requested a hearing, which was held before

Administrative Law Judge ("ALJ") Penny Wilkov on February 10, 2025. See Tr. at 15, 43–68.

On February 28, 2025, the ALJ issued a decision finding that Plaintiff was not disabled.

Tr. at 15–32. In her decision, the ALJ followed the five-step sequential evaluation process required

under 20 C.F.R. § 404.1520(a). Tr. at 16–17. At step one, the ALJ determined that Plaintiff had

not engaged in substantial gainful activity since his alleged onset date. Tr. at 17. At step two, the

ALJ found, in relevant part, that Plaintiff had the following severe mental impairments: mild

neurocognitive disorder due to traumatic brain injury, post-traumatic stress disorder, depression,

and anxiety. Tr. at 17–18. The ALJ found that Plaintiff's severe mental impairments led to moderate limitations in four areas: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. Tr. at 20. In making these findings, the ALJ expressly cited and discussed Plaintiff's own statements and the medical evidence in the record. *See id.*

Despite these broad findings of impairment, the ALJ included only minimal mental limitations in formulating the residual functional capacity ("RFC"): "Due to mental conditions, the claimant can understand, remember, and carry out simple instructions; make judgments on simple work-related decisions; can adjust to only occasional changes in the work setting; and can have frequent work-related interaction with coworkers, supervisors, and the public." Tr. at 20–21.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. at 30. But at step five, based on her RFC findings and the testimony of the vocational expert ("VE"), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform—all classified as sedentary, unskilled work. Tr. at 31. Based on those findings, the ALJ concluded that Plaintiff was not disabled.

In her explanation of the RFC determination, the ALJ did not specifically link any of the functional limitations to the impairments she found. Tr. at 29. In particular, she did not explain how the RFC accounted for Plaintiff's limitations in concentrating, persisting, or maintaining pace. The Magistrate Judge recommended that the Commissioner's determination be vacated and the case remanded for further proceedings based on the ALJ's failure to an explanation that sufficiently connects Plaintiff's mental impairments to the RFC and thereby builds "an accurate and logical bridge between the evidence and the final determination," as the Fifth Circuit requires. ECF No. 19 at 11–12 (quoting *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010)); *see also id.* at 11

(citing *K.L.J. v. Comm'r, Soc. Sec. Admin.*, 809 F. Supp. 3d 1301 (D. Colo. 2025) (concluding that the ALJ's failure to consider the effect of a plaintiff's moderate mental limitations in formulating the RFC was not harmless error).

## DISCUSSION

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his or her written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation was filed on June 16, 2026. ECF No. 19. No objections have been filed.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the recommendation of the Magistrate Judge is **ACCEPTED**, and the decision of the Commissioner is **REVERSED** and **REMANDED** for further consideration consistent with this order.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 1st day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3